UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 09-20338-C-13 |
| JOHN A. and DESIREE GARCIA, | § § § | (Chapter 13) |
| DEBTORS | § | |

**OBJECTION TO CLAIM NO. 8 FILED BY BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P., AS SUCCESSOR SERVICER TO <u>COUNTRYWIDE HOME LOANS, INC.</u>**

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 20 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

NOW COMES John A. Garcia and Desiree Garcia, "Debtors" in the above-entitled and numbered bankruptcy case, who makes this Objection to Proof of Claim No. 8 filed by BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., as Successor Servicer to Countrywide Home Loans, Inc. (hereinafter "Claimant"), and in support would show as follows:

1. This case was commenced by the filing of Debtors' voluntary Chapter 13 Petition on June 1, 2009 ("Petition Date").

2. Claimant filed a Secured Proof of Claim [8] on November 9, 2009 in the amount of

$211,150.80. A true and correct copy of Proof of Claim No. 8 filed by Claimant is attached as Exhibit "A" and incorporated herein by reference for all purposes (the "Mortgage Claim").

3. Debtor objects to the Mortgage Claim filed by Claimant because Debtors dispute the amount of the claim, both with regard to the principal balance claim to be owed, and the portion of that balance that is pre-petition arrearage. Debtors further dispute the amount of Debtors' required monthly payment.

4. The facts giving rise to this objection are as follows: In April of 2002, Debtors were forced to vacate their home located at 301 Doddridge St., Corpus Christi, Nueces County, Texas (which is the collateral securing the Mortgage Claim) because of mold which made the home inhabitable. At that time, Debtors entered into an agreement with Countrywide Home Loans, Inc. to suspend their payments until they were able to resolve the insurance claim filed as a result of the mold, repair the property and move back in.

5. Countrywide Home Loans, Inc. took no action to modify the loan to recover interest accrued during the suspension period until late 2008. On December 31, 2008, Debtors entered into a Loan Modification Agreement with Countrywide Home Loans Servicing, L.P. A true and correct copy of the Loan Modification Agreement is attached as an Exhibit to Claimant's Proof of Claim, and is incorporated herein by reference for all purposes.

6. The Loan Modification Agreement (hereinafter "Modified Note") executed December 31, 2008, reflects that the new modified principal balance on the Modified Note was $132,598.78 effective January 1, 2009. The Modified Note required Debtors to make modified loan payments of $2,212.18 per month beginning January 1, 2009. The modified loan payments included principal and interest payments of $1,421.49 plus escrow payments. The Modified Note reflects that the Modified

Note matures on June 1, 2029.

7. Debtors contend that the amount of the principal and interest payments due under the Modified Note are stated by Claimant incorrectly. Based on the principal balance of $132,598.78 as stated in the Modified Note, with interest accruing at 6.250%, and a maturity date of June 1, 2029, Debtors actual monthly principal and interest payments should be $959.85. The monthly escrow payment for taxes is $474.53 and for insurance is $389.42. Therefore, Debtors regularly monthly payment under the Modified Note should be $1,823.80 and not $2,212.18 as stated in the Modified Note. An amortization schedule reflecting the monthly payment required to pay off a note in the amount of $132,598.78, with interest accruing at 6.250% per annum, and a loan maturity of June 1, 2029 is attached hereto as Exhibit "B", and incorporated herein by reference for all purposes. An amortization schedule reflecting a note in the amount of $132,598.78, with interest accruing at 6.250% per annum, and monthly interest and principal payments of $1,421.49 is attached as Exhibit "C", and incorporated herein by reference for all purposes. Exhibit "C" evidences that if Debtors made monthly principal and interest payments of $1,421.49 as required under the plain language of the Modified Note, their Note would in fact be paid in full on September 1, 2019, almost ten (10) full years before the stated maturity date. Debtors therefore ask the Court to require Claimant to correct the Modified Note to accurately reflect required monthly payment.

8. The Proof of Claim filed by Claimant states the amount of the claim on the Petition Date is $211,150.80, being a current principal balance of $156,024.25, an arrearage of $50,508.63, escrow shortage of $2,653.17, accrued late charges of $200.00 and pre-petition attorney fees of $1,764.75. The Modified Note attached by Claimant in support of its Proof of Claim clearly evidence that on January 1, 2009, the principal balance of the Modified Note was $132,598.78. Between January 1,

2009 and the Petition Date, the principal balance could not have increased to $156,024.25 despite the fact that Debtors made no payments on the Modified Note during that 6-month period of time. Debtors first payment due under the Modified Note was on February 1, 2009. Debtors did not timely make their February 1, 2009 payment. When Debtors attempted to make the payments due for February and March 2009, Claimant refused to accept the payments. Debtors filed for bankruptcy relief on June 1, 2009. Therefore, Debtors can have an arrearage equal to no more than five (5) months of payments rather than the twenty-seven (27) months of payments alleged by Claimant.

9. Debtors object to the escrow shortage stated on the Proof of Claim because Claimant failed to attach an escrow analysis to support the claim.

10. Debtors object to the pre-petition attorney fees sought in its Proof of Claim because attorney fees were included in the Modified Note.

For the foregoing reasons, Debtor asks the Court to enter an Order finding that the principal balance due to Claimant on January 1, 2009 was $132,598.78, bears interest at 6.250% per annum, and matures on June 1, 2029; that Debtors' monthly principal and interest payments due under the Modified Note should be $959.85, plus escrow of $863.95, making the total monthly payment due $1,823.80; that the principal balance due on the Modified Note on the Petition Date is $136,796.82, which includes an arrearage of $9,119.00; that Claimant is entitled to post-petition attorney fees of $200.00; and that Claimant shall have an Allowed Claim of $136,996.82. Debtors pray for such further relief, at law and in equity, to which Debtors may show themselves to be justly entitled.

Dated: November 13, 2009

Respectfully submitted,

/S/ *William A. Whittle*
William A. Whittle
State Bar No. 21407000
Federal Admissions No. 9285
THE WHITTLE LAW FIRM, P.L.L.C.
5151 Flynn Pkwy., Suite 308
Corpus Christi, Texas 78411
Telephone: (361) 887-6993
Telecopier: (361) 887-6999
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection to Claim was served on the parties set forth below by First Class United States Mail, postage prepaid, or electronically (*if applicable*), on this the _____ day of November 2009.

BAC Home Loans Servicing, LP
Fka Countrywide Home Loans Servicing, L.P.
400 Countrywide Way
Mail Stop SV-46
Simi Valley, CA 93065

Cindy Boudloche, Chapter 13 Trustee
555 N. Carancahua, Suite 600
Corpus Christi, TX 78478

Mary A. Daffin
Barrett Burke Daffin Frappier Turner & Engel
1900 St. James Place, Suite 500
Houston, TX 77056

/S/ *William A. Whittle*
William A. Whittle